UNITED STATES of America,
Plaintiff–Appellant,

v.

The CITY OF PALM BEACH GARDENS
et al., Defendants–Appellees.

No. 79–1691.

United States Court of Appeals,
Fifth Circuit.
Unit B

Jan. 26, 1981.

Leonard Schaitman, Marleigh Dover Lang, Michael Kimmel, Appellate Staff, Civil Div., Dept. of Justice Washington, D. C., for plaintiff–appellant.

David R. Lowell, St. Petersburg, Fla., for Nelson.

Wood, Lucksinger & Epstein, Bill R. Bludworth, Houston, Tex., Robert E. Venney, Miami, Fla., for Palm Beach Gardens Community Hospital et al.

Brant & Baldwin, Lake Park, Fla., Bernard Duco, Jr., Houston, Tex., for City of Palm Beach Gardens.

Before VANCE, HATCHETT and ANDERSON, Circuit Judges.

HATCHETT, Circuit Judge:

In this case the parties disagree as to the time within which the United States must bring suit under the Hill--Burton Act, 42 U.S.C. § 291i, for the recovery of federal funds used in the construction of a non–profit hospital sold to a profit–making organization. We reverse the decision of the trial court holding the United States time–barred from seeking such recovery following the transfer of a federally--supported hospital from public to private ownership.

Appellee, the City of Palm Beach Gardens, Florida, received a federal grant in 1964 under the Hill--Burton program to assist in the construction of a publicly–owned hospital. In 1968, the City sold its fully–constructed hospital to a private, profit–making corporation. The Hill–Burton Act provides that upon the transfer of any hospital constructed under this program to a profit making organization, the federal government may sue either the transferor or the transferee for a share of the value of the hospital. 42 U.S.C. § 291i.[1] Appellant, the United States, brought this action in 1976 against the City for recovery of a share of the sale price of the Palm Beach Gardens hospital. The district court held that the United States was time–barred by the six year statute of limitations applicable to suits for recovery of money diverted from a federal grant program. 28 U.S.C.

---

1. Title 42 section 291i provides, in pertinent part:

If any facility with respect to which funds have been paid under section 291f of this title ["Payment for construction ..."] shall, at any time within twenty years after the completion of construction–

    (a) be sold or transferred to any person, agency, or organization (1) which is not qualified to file an application under section 291e of this title [i. e., "a State, political subdivision, or public agency or ... a corporation or association which operates a nonprofit hospital ..."]

.    .    .    .    .

the United States shall be entitled to recover from either the transferor or the transferee ... an amount bearing the same ratio to the then value ... of so much of the facility as constituted an approved project or projects, as the amount of the Federal participation bore to the cost of the construction or modernization under such project or projects.

§ 2415(b).[2] The court entered summary judgment for the City of Palm Beach Gardens. The United States appeals.

■ We must determine what limitations period applies to actions brought by the United States under the Hill–Burton Act, for the recovery of federal funds used in the construction of a non-profit hospital sold to a profit-making organization.

The City argues that the trial court properly looked to 28 U.S.C. § 2415(b) which governs any suit by the United States to recover money diverted from a grant program. The City contends that the court correctly viewed the 1968 hospital sale as a diversion of federal funds to a private, profit–making group. Under this view, the six–year limitations period prescribed by § 2415(b) would have expired prior to the institution of this action in 1976.

The City argues in the alternative that the six–year period set forth in 28 U.S.C. § 2415(a)[3] bars this action. This statute of limitations applies to any suit by the United States founded on an express or implied contract. The City points to the express contract between itself and HEW concerning the grant money which the United States seeks to recover. The City also claims the existence of an implied contract under which the City received federal funds upon the condition that it maintain its hospital as a non–profit facility. The City views this suit as an action for breach of this implied contract and for prevention of unjust enrichment following its receipt of the sale price of the hospital.

The United States argues that neither § 2415(a) nor § 2415(b) apply because this suit stems from neither the diversion of federal funds nor the breach of any contract. The United States claims that this suit derives solely from the cause of action granted by the Hill–Burton Act. This Act contains no limitations period. The United States contends that Congress included no time limitation because it wanted to allow the tax–paying citizens of our country to recover grant funds through suit by the federal government at any time after the sale of a Hill–Burton hospital to a private organization. We agree.

■ It is well established that Congress may create a right of action without restricting the time within which the right must be exercised. *Occidental Life Insurance Co. v. EEOC*, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977); *United States v. Sellers*, 487 F.2d 1268 (5th Cir. 1973). Moreover, courts have long held that the United States is not bound by any limitations period unless Congress explicitly directs otherwise. *Guaranty Trust Co. v. United States*, 304 U.S. 126, 58 S.Ct. 785, 82 L.Ed. 1224 (1938); *United States v. 93 Court Corp.*, 350 F.2d 386 (2d Cir. 1965), *cert. denied*, 382 U.S. 984, 86 S.Ct. 560, 15 L.Ed.2d 473 (1966); *United States v. Borin*, 209 F.2d 145 (5th Cir.), *cert. denied*, 348 U.S. 821, 75 S.Ct. 33, 99 L.Ed. 647 (1954). The doctrine that the mere passage of time cannot foreclose the rights of the United States derives from the common law principle that immunity from limitations periods is an essential prerogative of sovereignty. Blackstone, *Commentaries* 247 (1783). This

---

**2.** Title 28, section 2415(b) provides, in pertinent part:

> Subject to the provisions of section 2416 of this title ["Time for commencing actions brought by the United States–Exclusions"], and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon a tort shall be barred unless the complaint is filed within three years after the right of action first accrues: *Provided*, That ... an action to recover for diversion of money paid under a grant program ... may be brought within six years after the right of action accrues ...

**3.** Title 28, section 2415(a) provides, in pertinent part:

> Subject to the provisions of section 2416 of this title ["Time for commencing actions brought by the United States–Exclusions"], and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or an agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues ...

doctrine remains viable today because it furthers the public policy objective of protecting rights vested in the government for the benefit of all from the inadvertence of the agents upon which the government must necessarily rely. As explained by the Supreme Court, the justification for this doctrine

"is to be found in the great public policy of preserving the public rights, revenues, and property from injury and loss, by the negligence of public officers." ... [T]he rule is supportable now because its benefits and advantage extend to every citizen, including the defendant ....

*Guaranty Trust Co. v. United States*, 304 U.S. 126, 132, 58 S.Ct. 785, 788, 82 L.Ed. 1224 (1938) (quoting *United States v. Hoar*, 26 F.Cas. 329 (C.C.D.Mass.) (1821) (Story, J.)).

These principles apply to the case before us. The Hill–Burton Act grants the federal government a cause of action, but contains no limitations period. We must therefore conclude that Congress intended to allow the United States to bring an action under the Act at any time unless the City can demonstrate that Congress intended one of its independent, general statutes of limitations to apply to suits under the Act.

■ The trial court accepted the argument of the City that 28 U.S.C. § 2415(b) should apply. This statute provides a six-year limitations period for actions by the United States "to recover for diversion of money paid under a grant program." 28 U.S.C. § 2415(b). Because we find that this case does not involve the diversion of construction funds provided under the Hill–Burton program, we reject application of § 2415(b). The City of Palm Beach Gardens properly used the money paid under the program for the construction of its hospital. Later, ownership of the hospital was transferred to a profit–making organization. The Hill–Burton program permits such transfers of ownership, though it also allows the federal government to seek reimbursement. Thus, the United States here alleges a change in the ownership of a properly–financed, fully–constructed hospital; the United States does not allege an improper diversion of the construction funds provided under the program. We, therefore, hold 28 U.S.C. § 2415(b) inapplicable.

■ The City argues in the alternative that the six–year limitations period set forth in 28 U.S.C. § 2415(a) should apply in this case. That statute of limitations governs suits by the federal government which are "founded upon any contract express or implied in law or fact." We reject application of this statute because we do not view this action as resting upon any form of contract.

■ Without question, the terms of the hospital grant to the City of Palm Beach Gardens are expressed in a contract between the City and HEW. The claim of the United States, though, is not contractual, but statutory. An action derives from contract only when a contract "contains an undertaking 'to do the thing for the nonperformance of which the action is brought.'" *Mack Trucks, Inc. v. Bendix–Westinghouse Automotive Air Brake Co.*, 372 F.2d 18, 21 (3d Cir. 1966), *cert. denied*, 387 U.S. 930, 87 S.Ct. 2053, 18 L.Ed.2d 992 (1967) (quoting *Gulf Life Insurance Co. v. Hillsborough County*, 176 So. 72, 75, 129 Fla. 98, 104 (1937)). The grant contract between the City and HEW neither obligates the City to maintain the hospital as a non–profit facility, nor provides for federal recovery in the event of its transfer to a profit–making organization. It is the Hill–Burton Act which grants the federal government the right to seek reimbursement. We therefore conclude that this action is not founded upon an express contract so as to fall within the purview of 28 U.S.C. § 2415(a).

■ Nor do we believe that the six–year limitations period of 28 U.S.C. § 2415(a) should apply because of a "contract ... implied in law or fact" between the City and the federal government. Admittedly, such quasi–contractual obligations may arise even in conjunction with a statutory right of action. "A statutory right of recovery may be deemed quasi–contractual if

it 'is a legal obligation, not based upon agreement, [and] enforced ... by compelling the obligor to restore the value of that by which he was unjustly enriched.'" *United States v. Limbs*, 524 F.2d 799, 801 (9th Cir. 1975) (quoting Corbin, *Quasi–Contractual Obligations*, 21 *Yale L.J.* 533, 550 (1912)). Quasi–contractual obligations arise, however, only when one party has been unjustly enriched at the expense of another. The United States alleges no unjust enrichment in this case. The City was under no obligation to maintain its hospital as a non–profit facility. Unlike the recipients of federal funds in the *Limbs* case, for instance, the City was under no obligation to turn over money to the federal government upon the sale of its hospital to a profit–making organization. The Hill–Burton Act merely gives the United States the option of seeking recovery following such a sale. In the absence of unjust enrichment there can be no recovery based upon an implied contract. The six–year limitations period of 28 U.S.C. § 1245(a) is inapplicable.

Because this action involves neither recovery under a contract, nor recovery of money diverted from a grant program, we hold that the six–year limitations periods set forth in 28 U.S.C. §§ 2415(a) and (b) have no application to an action brought under the Hill–Burton Act, 42 U.S.C. § 291i. Since this Act contains no limitations period,[4] and no independent statute of limitations applies, we conclude that Congress intended to allow the United States to seek recovery under the Act at any time. We therefore reverse the decision of the trial court dismissing this action as time–barred. We remand for appropriate proceedings.

REVERSED AND REMANDED.

4. Title 42 Section 291i does contain one clear limitation of a slightly different sort: if a Hill–Burton hospital is sold to a profit–making group more than twenty years after its construction, the United States does not even have a cause of action under this statute. See the language of 42 U.S.C. § 291i set forth in footnote 1.

1. 28 U.S.C. § 2415(b) provides in pertinent part:

Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages

R. LAINER ANDERSON, III, Circuit Judge, dissenting:

I believe that the general statute of limitations set out in 28 U.S.C. § 2415(b)[1] applies to bar the instant suit, and therefore I respectfully dissent. The majority apparently would acknowledge that the six–year statute of limitations contained in section 2415(b) would apply if the City of Palm Beach Gardens had diverted the actual construction funds granted under the Hill–Burton Act before the funds were expended in the construction project. However, the majority holds that there is no diversion of construction funds here, and declines to treat the undisputed diversion of the hospital itself--which was built in part with the grant funds--as the equivalent of a diversion of the funds. I respectfully disagree. I think the language of the statute of limitations--"diversion of money paid under a grant program"–should not be read so narrowly. I would interpret the language to mean diversion of the funds themselves, and diversion of the tangible assets which were bought with the funds.

brought by the United States or an officer or agency thereof which is founded upon a tort shall be barred unless the complaint is filed within three years after the right of action first accrues: *Provided*, That an action to recover damages resulting from a trespass on lands of the United States; an action to recover damages resulting from fire to such lands; *an action to recover for diversion of money paid under a grant program*; and an action for conversion of property of the United States may be brought within six years after the right of action accrues .... [Emphasis added]