**UNITED STATES of America, Appellee,**

v.

**The LUTHERAN MEDICAL CENTER— Richard H. Young Memorial Hospital, Appellant.**

**No. 81–2183.**

United States Court of Appeals, Eighth Circuit.

Submitted May 18, 1982.

Decided June 22, 1982.

J. Paul McGrath, Asst. Atty. Gen., Washington, D. C., Thomas D. Thalken, U. S. Atty., Omaha, Neb., Anthony J. Steinmeyer, John S. Koppel, Attys., Civ. Div., Dept. of Justice, Washington, D. C., for appellee.

Alex M. Clarke, Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, Omaha, Neb., for appellant.

Before BRIGHT and McMILLIAN, Circuit Judges, and HARRIS, Senior District Judge.[*]

BRIGHT, Circuit Judge.

This appeal presents the issue whether the general statute of limitations applicable to actions brought by the United States, governs an action for recoupment brought under a federal statute that does not contain a specific statute of limitations. The district court [1] held that the general statute of limitations does not apply. We affirm.

In 1968, Lutheran Medical Center (Lutheran) received a grant of $659,495 from the United States under the Community Mental Health Centers Act (the Act), 42 U.S.C. § 2681 et seq. (1964), for use in the construction of a community mental health center. Lutheran officially opened its facility on January 1, 1973. By August 1, 1973, Lutheran failed to meet the conditions of the federal grant to operate a community mental health center. See 42 U.S.C. § 2691(c) (1970); 42 C.F.R. § 54.212 (1975).

On October 18, 1979, the United States instituted this action for recoupment of funds granted to Lutheran. The Act provides that the United States may recover a proportionate amount of funds (according to a statutorily prescribed formula) if the grantee ceases to provide the services of a community health center within twenty years after completion of construction. See 42 U.S.C. § 2695 (1970); see also 42 U.S.C. § 2689m (1976).[2]

---

[*] OREN HARRIS, United States Senior District Judge for the Eastern and Western Districts of Arkansas, sitting by designation.

1. The Honorable Albert G. Schatz, United States District Judge for the District of Nebraska. The district court opinion is reported at 524 F.Supp. 421 (D.Neb.1981).

2. The district court found " 'that the provisions of these two sections are substantially the same[.]' " *United States v. Lutheran Medical Center, supra,* 524 F.Supp. at 423. They provide as follows:

§ 2695. *Recovery of expenditures under certain conditions*

If any facility or center with respect to which funds have been paid under section 2693 of this title shall, at any time within twenty years after the completion of construction—

(1) be sold or transferred to any person, agency, or organization (A) which is not qualified to file an application under section 2675 or 2685 of this title, or (B) which is not approved as a transferee by the State agency designated pursuant to section 2674 of this title (in the case of a facility for the mentally retarded or persons with other developmental disabilities) or section 2684 of this title (in case of a community mental health center), or its successor; or

(2) cease to be a public or other nonprofit facility for the mentally retarded or persons with other developmental disabilities or community mental health center, as the case may be, unless the Secretary determines, in accordance with regulations, that there is good cause for releasing the applicant or other owner from the obligation to continue such facility as a public or other nonprofit facility for the mentally retarded or persons with other developmental disabilities or such center as a community mental health center, the United States shall be entitled to recover from either the transferor or the transferee (or, in the case of a facility or center which has ceased to be public or other nonprofit facility for the mentally retarded or persons with other developmental disabilities or community mental health center, from the owners thereof) an amount bearing the same ratio to the then value (as determined by the

The defendant, Lutheran, moved for summary judgment on the ground that the United States had instituted this action more than six years after Lutheran failed to provide the services of a community mental health center as required by the agreement of the parties or by action brought in the district court of the United States for the district in which the center is situated) of so much of such facility or center as constituted an approved project or projects, as the amount of the Federal participation bore to the cost of the construction of such project or projects. Such right of recovery shall not constitute a lien upon such facility or center prior to judgment. [42 U.S.C. § 2695 (1970).]

§ 2689m. *Recovery of payments by United States; prerequisites; amount of recovery; procedure; nature of right*

If any facility of a community health center acquired, remodeled, constructed, or expanded with funds provided under this part is, at any time within twenty years after the completion of such remodeling, construction, or expansion or after the date of its acquisition with such funds—

(1) sold or transferred to any person or entity (A) which is not qualified to file an application under section 2689j of this title, or (B) which is not approved as a transferee by the State agency of the State in which such facility is located, or its successor; or

(2) not used by a community mental health center in the provision of comprehensive mental health services, and the Secretary has not determined that there is good cause for termination of such use,

the United States shall be entitled to recover from either the transferor or the transferee in the case of a sale or transfer or from the owner in the case of termination of use an amount bearing the same ratio to the then value (as determined by the agreement of the parties or by action brought in the United States district court for the district in which the center is situated) of so much of such facility or center as constituted an approved project or projects, as the amount of the Federal participation bore to the acquisition, remodeling, construction, or expansion cost of such project or projects. Such right of recovery shall not constitute a lien upon such facility or center prior to judgment. [42 U.S.C. § 2689m (1976).]

Section 2689 of Title 42 now has been transferred to § 229d of the same title. *See* 42 U.S.C.A. § 2689m (West Supp. 1982).

3. Lutheran argued that the United States' action under the Act was barred by 28 U.S.C. § 2415(a), or in the alternative, by 28 U.S.C. § 2415(b). Those sections read:

§ 2415. *Time for commencing actions brought by the United States*

Act. Although the Act does not contain a specific statute of limitations, Lutheran maintained that the general six-year statute of limitations applicable to actions by the United States barred this suit. *See* 28 U.S.C. § 2415 (1976).[3]

(a) Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues or within one year after final decisions have been rendered in applicable administrative proceedings required by contract or by law, whichever is later: *Provided,* That in the event of later partial payment or written acknowledgment of debt, the right of action shall be deemed to accrue again at the time of each such payment or acknowledgement: *Provided further,* That an action for money damages brought by the United States for or on behalf of a recognized tribe, band or group of American Indians shall not be barred unless the complaint is filed more than six years and ninety days after the right of action accrued: *Provided further,* That an action for money damages which accrued on the date of enactment of this Act in accordance with subsection (g) brought by the United States for or on behalf of a recognized tribe, band, or group of American Indians, or on behalf of an individual Indian whose land is held in trust or restricted status, shall not be barred unless the complaint is filed after December 31, 1982 or more than two years after a final decision has been rendered in applicable administrative proceedings required by contract or by law, whichever is later.

(b) Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon a tort shall be barred unless the complaint is filed within three years after the right of action first accrues: *Provided,* That an action to recover damages resulting from a trespass on lands of the United States; an action to recover damages resulting from fire to such lands; an action to recover for diversion of money paid under a grant program; and an action for conversion of property of the United States may be brought within six years after the right of action accrues, except that such actions for or on behalf of a recognized tribe, band or group of American Indians, including actions relating to allotted trust or restricted Indian lands, may be

The United States also moved for partial summary judgment, contending that no genuine issue of material fact existed between the parties, and that it should recover a specified amount from Lutheran pursuant to the Act because Lutheran had ceased to provide the requisite services within twenty years of completing construction of its facility without a determination of good cause by the Secretary for such failure.

The district court rejected Lutheran's statute of limitations defense, and determined that the United States had established its entitlement to partial summary judgment as a matter of law. Lutheran brings this appeal from a nonfinal order by permission of this court and the district court under 28 U.S.C. § 1292(b).

In considering the statute of limitations issue, the district court relied on *United States v. City of Palm Beach Gardens*, 635 F.2d 337, *cert. denied*, 454 U.S. 1081, 102 S.Ct. 635, 70 L.Ed.2d 615 (1981). In *Palm Beach Gardens*, the Fifth Circuit refused to apply the general six-year statute of limitations of 28 U.S.C. § 2415 in an action brought by the United States under analogous recoupment provisions of the Hill-Burton Act, to recover federal grant funds earmarked for hospital construction. Concluding that 28 U.S.C. § 2415 does not apply to this action for recoupment under the Community Mental Health Centers Act, the district court granted the United States partial summary judgment and directed that the case proceed further in the district court.

Judge Schatz has written a comprehensive, well-reasoned opinion covering all issues presented on this appeal, with which we agree. Our elaboration on that opinion would serve no purpose. Accordingly, we affirm on the basis of the district court opinion.

brought within six years and ninety days after the right of action accrues, except that such actions for or on behalf of a recognized tribe, band, or group of American Indians, including actions relating to allotted trust or restricted Indian lands, or on behalf of an

individual Indian whose land is held in trust or restricted status which accrued on the date of enactment of this Act in accordance with subsection (g) may be brought on or before December 31, 1982. [28 U.S.C. § 2415 (1976).]