UNITED STATES of America, Plaintiff,

v.

HAWK CONTRACTING, INC.,
Defendant.

Civ. A. No. 84–1626.

United States District Court,
W.D. Pennsylvania.

Feb. 20, 1985.

Joel B. Strauss, Asst. U.S. Atty., George V. Piper, Sp. Asst. U.S. Atty., Office of Solicitor, Dept. of Interior, Charleston, W.Va., for plaintiff.

John P. Papuga, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

ZIEGLER, District Judge.

(1) The United States brought this action pursuant to 30 U.S.C. § 1232 and the pertinent regulations thereunder, 30 C.F.R. § 870, to collect mine reclamation fees assessed upon coal produced by defendant Hawk Contracting, Inc. during the fourth quarter of 1977. Government auditors discovered the debt in November, 1983 and on July 5, 1984, the government filed suit to collect the amount owed, $4,282.83 plus pre-judgment interest. Defendant moves to dismiss on the ground that the action is barred by the statutes of limitations set forth in 28 U.S.C. § 2462 and 26 U.S.C. § 6501.

(2) Under the Surface Mining Act, coal operators must pay a reclamation fee upon each ton of coal produced. 30 U.S.C. § 1232(a). The Act authorizes civil actions to recover delinquent fees and the time to file suit is not restricted by any provision in the Act. Nevertheless, defendant contends that two statutes of limitations located elsewhere in the United States Code must be applied to the instant action.

■ (3) In its motion to dismiss, although not in its brief, defendant asserts that this action is barred by 28 U.S.C. § 2462. Section 2462 applies to suits for the enforcement of any "civil fine, penalty or forfeiture." The reclamation fee in question is none of these and thus § 2462 is inapplicable.

■ (4) The government appears to concede that the fees are generally regarded as a form of excise tax. A bankruptcy court so found, *see In re King,* 19 B.R. 936 (Bankr.E.D.Tenn.1982), and the government has previously asserted as much. *United States v. Gary Bridges Logging and Coal Company,* 570 F.Supp. 531, 532 (E.D.Tenn.1983). Defendant contends that 26 U.S.C. § 6501, which sets a six-year statute of limitations on actions to recover income and certain excise taxes, should be employed to bar the present suit.

(5) We disagree. The limitations period in § 6501(e)(3) covers only those excise taxes "imposed under a provision of subtitle D." 26 U.S.C. § 6501(e)(3). Subtitle D, in turn, enumerates certain excise taxes but not the reclamation fee located in 30 U.S.C. § 1232. 26 U.S.C. § 4041 *et seq.* In fact, no mention of the reclamation fee is made anywhere in Title 26. Thus, the general limitations period set forth in §§ 6501–02, which applies only to "any tax imposed by this title," cannot bar this action.

■ (6) We cannot find § 6501 applicable to reclamation fee actions without statutory authorization. As a general rule, a sovereign is exempt from the operation of a statute of limitations. *Guaranty Trust Co. v. United States,* 304 U.S. 126, 132, 58 S.Ct. 785, 788, 82 L.Ed. 1224 (1938). Thus the federal government is not subject to any limitations period unless Congress explicitly provides otherwise. *United States v. City of Palm Beach Gardens,* 635 F.2d 337, 339 (5th Cir.1981), *cert. denied,* 454 U.S. 1081, 102 S.Ct. 635, 70 L.Ed.2d 615 (1981); *United States v. Weintraub,* 613 F.2d 612, 620 (6th Cir.1979), *cert. denied,* 447 U.S. 905, 100 S.Ct. 2987, 64 L.Ed.2d 854 (1980); *United States v. Podell,* 572 F.2d 31, 35 n. 7 (2d Cir.1978).

This rule is intended to preserve "the public's rights, revenues, and property from injury and loss" due to the negligence of agents of the government. *Guaranty Trust, supra,* 304 U.S. at 132, 58 S.Ct. at 788. In accordance with this policy, limitations periods applicable to tax collection actions are strictly construed in favor of the government. *United States v. Lucia,* 474 F.2d 565, 570 (5th Cir.1973). Thus, we must follow the clearly marked boundaries that Congress has enunciated in § 6501 and refuse to apply the limitations period contained therein to matters outside of Title 26, United States Code.

(7) Defendant relies heavily on *United States v. Gary Bridges Logging and Coal Company, supra,* where, as an alternative holding, the court ruled that the six-year statute of limitations in § 6501 applied to actions to collect mine reclamation fees. The court characterized the government's position, i.e., that no limitations period existed, as "untenable." *Id.* at 532. For the reasons rehearsed, we find the reasoning of *Bridges* to be unpersuasive. Further, we note that the court based its decision in part on a mine reclamation regulation which requires coal operators to maintain records for six years from the end of the quarter in which the fee is due. *Id.* at 532–33 (citing 30 C.F.R. § 870.16(d)). The court observed that the regulation served notice that assessments might be made within a six-year period and concluded that it would be unreasonable to allow collection actions after the six-year period had expired. *Id.* at 533. However, the Secretary of the Interior has since made clear that the six-year record keeping period merely limits the time in which the Office of Surface Mining can conduct an audit. Discussion of revised 30 C.F.R. § 870.16(d), 49 Fed.Reg. 27,498 (July 5, 1984). Where, as here, the audit occurred within six years after the fee became due, there is no unfairness to the operator stemming from an action filed subsequent to the termination of the record keeping period. The audit puts the operator on notice that a later

action to collect the fee may be forthcoming.

 (8) In sum, there is no fundamental right to a period of limitations upon the assessment and collection of taxes, *Lucia, supra,* 474 F.2d at 569–70; *United States v. Donlon,* 355 F.Supp. 220, 223 (D.Del. 1973), *aff'd mem.,* 487 F.2d 1395 (3d Cir. 1980), and Congress has provided none in this instance. The motion to dismiss must be denied.