**CLINCHFIELD COAL COMPANY, Appellee,**

v.

**DOI, Appellant.**

**No. 85–2206.**

United States Court of Appeals, Fourth Circuit.

Argued July 17, 1986.

Decided Aug. 27, 1986.

Elizabeth S. Tonkin, Sp. Asst. U.S. Atty. (John Perry Alderman, U.S. Atty., F. Henry Habicht, II, Asst. Atty. Gen., Martin W. Matzen, Anne S. Almy & Kathleen P. Dewey, U.S. Dept. of Justice on brief), for appellant.

John R. Woodrum (Ronald E. Meisburg, Smith, Heenan & Althen, Elsey A. Harris, III, Mullins, Keuling-Stout, Thomason & Harris, Fletcher A. Cooke, Asst. Gen. Counsel Clinchfield Coal Co. on brief), for appellee.

Before SPROUSE and CHAPMAN, Circuit Judges and HAYNSWORTH, Senior Circuit Judge.

PER CURIAM:

The district court enjoined the Secretary of Interior from enforcing a notice of violation issued pursuant to the Surface Mining Control and Reclamation Act of 1977 (SMCRA), 30 U.S.C. § 1201 *et seq.,* pending the completion of administrative remedies. In granting the injunction under 30 U.S.C. § 1276(c), the district court found that there was a substantial likelihood that Clinchfield Coal Company would prevail on the merits because the district court found that the Secretary's national regulation, 30 C.F.R. § 843.12(a)(2) exceeded the Secretary's statutory authority. The Secretary appeals, claiming that the district court did not have jurisdiction to review the validity of the regulations. We agree.

The SMCRA, at 30 U.S.C. § 1276(a)(1), provides for judicial review of the Secretary's rule-making actions as follows:

> Any action by the Secretary promulgating national rules or regulations ... shall be subject to judicial review in the United States District Court for the District of Columbia Circuit.

In *Commonwealth of Virginia v. Watt,* 741 F.2d 37 (4th Cir.1984), we found that an attack on administrative action taken in accordance with the Secretary of Interior's regulations under SMCRA was an attack on the regulations themselves and may be heard only in the U.S. District Court for the District of Columbia. In *Tug Valley Recovery Center v. Watt,* 703 F.2d 796 (4th Cir.1983), we concluded that a district court in the Fourth Circuit lacked subject-matter jurisdiction over any action that was tantamount to an attack on a federal regulation issued under SMCRA.

In reaching the decision to issue the temporary injunction in the present case, the district court found that the regulation set forth in 30 C.F.R. § 843.12(a)(2) was void because it went beyond the scope of authority granted to the Office of Surface Mining Reclamation and Enforcement (OSM). Since this represents an attack upon the regulation, the U.S. District Court for the Western District of Virginia did not have jurisdiction to consider this point or make this finding. Such district court does have the jurisdiction to consider the temporary relief sought by Clinchfield Coal Company in this matter, so long as it does not

take into consideration the merits of the federal regulations in addressing the likelihood-of-success for preliminary relief under 30 U.S.C. § 1276(c). We reverse the district court and remand this matter to the district court with instructions to dissolve the preliminary injunction.

REVERSED AND REMANDED.