IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 92-8623

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NBC BANK-ROCKDALE,

Defendant-Appellant.

———————————

Appeal from the United States District Court
for the Western District of Texas

———————————

(October 29, 1993)

Before HIGGINBOTHAM, DAVIS, and SMITH, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

Federal grants to a hospital under the Hill-Burton Act are conditioned on the hospital maintaining its non-profit status for the twenty years following the grant. A transferee within the twenty year period failing to abide the non-profit condition faces certain repayment obligations. Today we decide that such a transfer after the twenty year period does not carry to the transferee the liability to repay.

I

In the early sixties, Newton Memorial Hospital, Inc., a non-profit corporation, received $182,694.67, as a grant under Title VI of the Public Health Service Act, 42 U.S.C. § 291i(a), for

construction of a non-profit hospital. Newton completed the project by July 1962.

In 1978, Newton sold the hospital to Innovative Management Incorporated and/or Innovative Medical Incorporated, a for-profit corporation. On the same day, IMI sold the hospital to Realty Mortgage Investors, a limited partnership.

Four years later, Realty sold the hospital to Vista Medical, Inc., a for-profit corporation, which sold the facility to National Hospital Systems, Inc., also a for-profit entity. As consideration, National signed notes, secured by a lien against the real property at the hospital site, payable to NBC Bank-Rockdale.

In 1989, after National defaulted on its loans, NBC Bank purchased the hospital at a foreclosure sale. The government sued for recovery of Hill-Burton funds. The district court denied the bank's motion for summary judgment. NBC Bank appealed. We reverse.

II

The government can recover Hill-Burton funds used to construct a non-profit hospital if the hospital changes its non-profit status within twenty years of its substantial completion. 42 U.S.C. § 291i(a); United States v. Palm Beach Gardens, 635 F.2d 337, 341 n.4 (5th Cir.), cert. denied, 454 U.S. 1081 (1981). Newton Memorial Hospital ceased to operate as a non-profit facility after its 1978 sale to IMI, sixteen years after its substantial completion. NBC Bank acquired the facility twenty seven years after its substantial completion.

2

Health and Human Services has interpreted the Hill-Burton Act to create joint and several liability among transferees. 42 C.F.R. § 124.703(a). Courts have reinforced this interpretation by applying the recovery provision to all transferees within the twenty year period. United States v. St. John's Gen. Hosp., 875 F.2d 1064, 1072 (3rd Cir. 1989); United States v. Brady, 385 F. Supp. 1347, 1350 (S.D. Fla. 1974). We have not decided the liability of a transferee who, after the twenty year period has lapsed, acquires a Hill-Burton hospital that changed to for-profit status within the twenty years.

The government urges that the transferee liability of the statute and regulations reaches transfer made after the twenty year period. We do not agree. The relevant language of the Hill-Burton Act creating liability refers only to "the transferor or transferee." 42 U.S.C. § 291i(a) (emphasis supplied)[1]--a reference

---

[1]    (a)  Persons liable

If any facility with respect to which funds have been paid under section 291f of this title shall, at any time within 20 years after the completion of construction or modernization--

(1)  be sold or transferred to any entity (A) which is not qualified to file an application under section 291e of this title, or (B) which is not approved as a transferee by the State agency designated pursuant to section 291d of this title, or its successor, or

(2)  cease to be a public health center or a public or other nonprofit hospital, outpatient facility, facility for long-term care, or rehabilitation facility,

the United States shall be entitled to recover, whether from the transferor or the transferee (or, in the case of a

3

to transferees within the twenty year period.  Similarly, the Secretary's regulation setting forth joint and several liability does not necessarily broaden the recovery right, beyond the twenty year period.   42 C.F.R. § 124.703(a).   It is true that the regulation refers to any successive transferee.  The regulation does not state whether the regulation speaks to all transferees within the twenty year period or extends liability to transferees regardless of when the transfer occurred.

The government urges that its construction is necessary to prevent manipulative avoidance of the statutory command that the price of a grant under Hill-Burton is twenty years of non-profit use.  A transferee who acquires a Hill-Burton hospital within twenty years could escape liability, as St. John's and Brady noted, by use of a shell corporation to convert the hospital to a for-profit enterprise within the twenty year period.  A solvent transferee may not appear within twenty years.  This policy argument first runs afoul of the statute and that is answer enough. It is in any event flawed on its own terms.

All transferees within the twenty year period are liable so that transfer of the hospital to the shell corporation before the twenty year period had lapsed does not defeat the liability of these entities.  The government can sue the transferor or transferee in the transaction changing a Hill-Burton hospital from

---

facility which has ceased to be public or nonprofit, from the owners thereof) an amount determined under subsection (c) of this section.

42 U.S.C. § 291i(a) (emphasis supplied).

4

a non-profit status.  The government is at risk only if it fails to reduce its debt to judgment.  A judgment lien would burden the property long after twenty years, with no serious risk of an innocent purchaser.

Finally, the construction of the regulation urged by the government would contravene the plain language of the statute and would be invalid to that extent.  We are not persuaded by the government's reading of the regulation.  Arguably, the regulation unambiguously reaches the transaction in this case, but cannot be given effect because it is contrary to the unambiguous statute.  By either path, the bank is not liable to the government as a transferee of a Hill-Burton funded hospital.  See <u>Chevron, U.S.A., Inc. v. Natural Resources Defense</u>, 467 U.S. 837 (1984).

REVERSED.