R. James BALLMER, Plaintiff,

v.

Bruce M. BABBITT, et al., Defendants.

Civil Action No. 2:96–0010.

United States District Court,
S.D. West Virginia,
Charleston Division.

May 28, 1996.

Anna M. Dailey and Mark E. Heath, Smith, Heenan & Althen, Charleston, WV, for plaintiff.

Rebecca A. Betts, U.S. Attorney, Charleston, WV, Sandra M. Lieberman, U.S. Dept. of Interior, Pittsburgh, PA, Richard M. Hall, U.S. Dept. of Justice, Environment & Natural Resources Division, General Litigation Section, Washington, DC, for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is the Defendants' Motion to Dismiss pursuant to *Rule* 12(b)(1) of the *Federal Rules of Civil Procedure.* The parties have submitted their respective memoranda and the matter is mature for the Court's consideration.

■ In considering a motion to dismiss, the Court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *See, e.g., De Sole v. United States,* 947 F.2d 1169, 1171 (4th Cir.1991) (considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)); *Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993) (same), *cert. denied,* — U.S. ——, 114 S.Ct. 1307, 127 L.Ed.2d 658 (1994); *see Ridgeway Coal Co. v. FMC Corp.,* 616 F.Supp. 404, 406–07 (S.D.W.Va.1985) (Haden, C.J.) (same) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

## BACKGROUND

In April 1983 Plaintiff was involved in the formation of Great American Coal Corporation ("Great American") and was named vice president of the company.[1] Plaintiff also held a twenty-five percent (25%) interest in Great American. By late 1984, Great American began to encounter financial difficulties. Ultimately, the company became insolvent and ceased operations in 1985.

In early 1985, the Office of Surface Mining Reclamation and Enforcement ("OSM") began issuing violations to Great American.[2] Lacking financial resources and equipment, Plaintiff maintains there was nothing he could do to abate the violations.[3]

OSM alleges Great American owes delinquent abandoned mine lands reclamation fees ("AML fees") in the amount of seven thousand nine hundred dollars ($7,900.00), federal civil penalties in the principal amount of two hundred eighty thousand nine hundred dollars ($280,900.00), state civil penalties, and two state bond forfeitures.[4] Based upon Great American's unpaid civil penalties and AML fees, OSM placed Great American on its Applicant Violator System ("AVS") in 1991.[5] The AVS also reflects an ownership and control link between the Plaintiff and Great American.

On August 14, 1995 Plaintiff submitted to OSM a challenge of the AVS listing. Plaintiff argued the AVS listing violated Plaintiff's constitutional rights by imposing a permit block against him and any coal company that would employ him in a position of control, effectively denying him employment in his field. Plaintiff did not dispute he was an officer and shareholder of Great American. Furthermore, Plaintiff did not argue he did not possess the authority, either directly or indirectly, to determine the manner in which

1. Plaintiff was vice president of Great American from April 1983 through April 28, 1985.

2. OSM issued notices of violations to Great American on June 20, 1985, July 15, 1985, and January 17, 1986. OSM terminated these violations on January 21, 1993. Curiously, OSM reinstated Great American's violations on October 4, 1995 after Plaintiff had submitted his August 14, 1995 challenge to OSM.

3. In an attempt to rescue Great American, Plaintiff and other officers contributed personal funds and sought outside capital. Plaintiff asserts he lost all his personal funds as well as his family's residence.

4. The Court was unable to ascertain from the record the exact amounts of state civil penalties and state bond forfeitures.

5. The *exact* date Plaintiff was permit-blocked is unknown, but Plaintiff anticipates obtaining that information in discovery. Pl.'s Corr. Mem. in Opp. at 3 n. 2.

Great American's coal mining operations were conducted. On December 7, 1995 OSM issued a Final Agency Decision ("FAD") concluding Plaintiff was an owner and controller of Great American within the meaning of section 510(c) of the Surface Mining Control and Reclamation Act of 1977 ("SMCRA"), 30 U.S.C. § 1260(c), and its implementing regulations, 30 C.F.R. §§ 773.15(b)(1)[6] and 773.5.[7] Plaintiff seeks relief from this decision.

Plaintiff's Amended Complaint sets forth three claims. Count I seeks a declaratory judgment that action taken by the Defendants to list Plaintiff on the AVS as an owner or controller of Great American violates constitutional prohibitions against bills of attainder and *ex post facto* laws, because the 1988 regulations are being applied to punish him for past conduct by "blackballing" him from the coal industry. Count II seeks a declaratory judgment that Defendants' action listing Plaintiff as permit-blocked on the AVS in 1991 is an attempt to collect civil penalties now barred by the statute of limitations pursuant to 28 U.S.C. § 2462. Count III requests the Court to enjoin permanently the Defendants from listing Plaintiff on the AVS.

Defendants contend the constitutional claims are a challenge to national regulations, which may be brought only in the United States District Court for the District of Columbia. Defendants also argue the statute of limitations found in 28 U.S.C. § 2462 does not bar collection of civil penalties.

## I.

## RULES CHALLENGE

Pursuant to section 526(a)(1) of SMCRA, challenges to national rules promulgated under SMCRA are subject to judicial review in the United States District Court for the District of Columbia. 30 U.S.C. § 1276(a)(1). Our Court of Appeals has consistently held this provision establishes exclusive subject matter jurisdiction for challenges to national rules under SMCRA. *Pittston Coal Co. v. Babbitt*, 66 F.3d 714, 715 (4th Cir.1995), *cert. denied*, ── U.S. ──, 116 S.Ct. 1417, 134 L.Ed.2d 542 (1996); *Clinchfield Coal Co. v. Department of the Interior*, 802 F.2d 102 (4th Cir.1986); *Commonwealth of Virginia v. Watt*, 741 F.2d 37, 40–41 (4th Cir.1984), *cert. dismissed*, 469 U.S. 1198, 105 S.Ct. 983, 83 L.Ed.2d 984 (1985); *Tug Valley Recovery Center v. Watt*, 703 F.2d 796, 799–800 (4th Cir.1983).

■ This requirement governs not only direct challenges, but also indirect challenges that are "tantamount to an attack on a federal regulation" under SMCRA. *Commonwealth of Virginia*, 741 F.2d at 40 (a due process challenge to OSM cessation orders that sought, in effect, to block implementation of OSM regulations constituted a rule challenge; court lacked subject matter jurisdiction); *Tug Valley*, 703 F.2d at 800 (challenge of OSM's approval of state regulatory program—authorizing membership on a review board of persons having financial interests in mining operations as being in violation of conflict of interest requirements of SMCRA—constituted a challenge to the federal implementing regulation itself; court lacked subject matter jurisdiction).

■ As in *Commonwealth of Virginia*, granting the relief sought by Plaintiff would

---

**6.** Under "Review of Violations," the regulation states:

> "Based on a review of all reasonably available information concerning violation notices and ownership or control links involving the applicant, ... the regulatory authority shall not issue the permit if any surface coal mining and reclamation operation owned or controlled by either the applicant or by any person who owns or controls the applicant is currently in violation of the Act, any Federal rule or regulation promulgated pursuant thereto, a State program, or any Federal or State law, rule, or regulation pertaining to air or water environmental protection."

30 C.F.R. § 773.15(b)(1).

**7.** The regulation provides a person will be presumed to own or control a surface coal mining operation where the person is an officer or director of an entity or where "[b]ased on the instruments of ownership or the voting securities of a corporate entity, [a person owns] of record 10 through 50 percent of the entity." 30 C.F.R. §§ 773.5(b)(1) and (5). In order to rebut this presumption, Plaintiff has the burden of demonstrating by a preponderance of the evidence that he lacked the authority, directly or indirectly, to determine the manner in which the coal mining operation was conducted. 30 C.F.R. § 773.5(b).

prohibit the implementation of federal regulations. Plaintiff does not assert OSM misapplied the rules nor does Plaintiff deny he meets the regulatory definition of a presumed owner or controller. All would agree the regulations were applied to Plaintiff as written. Further, Plaintiff does not assert OSM erred in finding he failed to meet his burden to overcome the presumption by establishing he did not have the authority to determine the manner in which the surface mining operation was conducted.

The crux of Plaintiff's argument is that through no fault of his own, his company was financially unable to complete reclamation. However, consideration of whether an owner or controller of a violator acted in good faith does not enter into the analysis required by the regulation. Plaintiff's arguments challenge the rule itself. Consequently, this Court does not possess subject matter jurisdiction over Counts I and III.

## II.

### STATUTE OF LIMITATIONS
### 28 U.S.C. § 2462

■ In Count II, Plaintiff asserts the statute of limitations found at 28 U.S.C. § 2462 bars Defendants' claim for payment of Great American's delinquent civil penalty.

The statute, in pertinent part, provides:

"Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued."

28 U.S.C. § 2462 (1948).

In support of his argument, Plaintiff cites *3M Co. v. Browner*, 17 F.3d 1453 (D.C.Cir. 1994). The Court in *3M* held administrative proceedings by the Environmental Protection Agency to impose civil penalties for violations of the Toxic Substances Control Act fall within the statute of limitations at 28 U.S.C. § 2462. In so holding, the Court confirmed that limitation periods for federal enforcement and collection actions are applicable to administrative proceedings. As the Court noted:

"given the reason why we have statutes of limitations, there is no discernable rationale for applying § 2462 when the penalty action or proceeding is brought in a court, but not when it is brought in an administrative agency. The concern that after the passage of time 'evidence has been lost, memories have faded, and witnesses have disappeared'; pertains equally to factfinding by a court and factfinding by an agency."

*3M*, 17 F.3d at 1456 (quoting *Order of R.R. Telegraphers v. Railway Express Agency*, 321 U.S. 342, 349, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944)).

As this Court recognized in *Arch Mineral Corp. v. Babbitt*, 894 F.Supp. 974 (S.D.W.Va. 1995) (Haden, C.J.), *appeal docketed*, No. 95–2793 (4th Cir. Sept. 27, 1995):

"[i]n cases involving the SMCRA, where coal companies have sought to avoid payment of reclamation fees by arguing 28 U.S.C. § 2462 barred the action, courts have held § 2462 inapplicable. *United States v. Tri–No Enterprises, Inc.*, 819 F.2d 154 (7th Cir.1987); *United States v. Hawk Contracting, Inc.*, 649 F.Supp. 1 (W.D.Pa.1985). In both *Tri–No* and *Hawk*, the courts held the reclamation fee is not a 'civil fine, penalty, or forfeiture' under § 2462, it 'is simply an assessment or excise tax on all coal produced for sale by surface or underground mining.... [t]herefore, 28 U.S.C. § 2462 does not apply to an action to collect delinquent reclamation fees under SMCRA.' *Tri–No*, 819 F.2d at 158; *accord Hawk*, 649 F.Supp. at 2.

In this action OSM is seeking ... AML fees ... [and] civil penalties. *While the AML fees do not fall within the statute as a 'civil fine, penalty, or forfeiture,' the amount sought by OSM in civil penalties certainly does.*"

*Arch Mineral*, 894 F.Supp. at 984 (emphasis added).

As was the case in *Arch Mineral*, OSM's claims against Plaintiff and Great American for payment of the civil penalty accrued in 1985. No enforcement action was undertaken by OSM until it placed Great American on

the AVS in 1991. The five year statute of limitations found at 28 U.S.C. § 2462 applies to OSM's claims for delinquent federal and state civil penalties. Because OSM failed to bring an action against either Plaintiff or Great American within the required time, enforceability of these claims has lapsed.

Accordingly, the Court **GRANTS** without prejudice Defendants' Motion to Dismiss Counts I and III for lack of subject matter jurisdiction. The Court further **DENIES** Defendants' Motion to Dismiss Count II and holds 28 U.S.C. § 2462 bars the government's effort to collect the delinquent federal and state civil penalties.