UNITED STATES of America

v.

GARY BRIDGES LOGGING AND COAL COMPANY.

Civ. No. 3–83–361.

United States District Court, E.D. Tennessee, N.D.

Aug. 26, 1983.

**532**

Robert S. Moore, Courtney W. Shea, Sp. Asst. U.S. Attys., U.S. Dept. of Interior, Knoxville, Tenn., for plaintiff.

Kitty G. Grubb, Foglesong, Cruze, Dunaway & Shope, LaFollette, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

This is an action by the United States to collect abandoned mine reclamation fees assessed under 30 U.S.C. § 1232 and 30 C.F.R. § 870. The fees were assessed on coal produced by defendant from October 1, 1977 through December 31, 1982. Defendant acknowledged that he owed the fees on February 23, 1983. He signed an installment agreement on March 3, 1983 to repay the debt. The government commenced this action six weeks after defendant missed his first payment due April 30, 1983. The sole issue before the Court is whether all or part of this action is barred by a statute of limitations or the equitable doctrine of laches.

The general rule is that "the government is exempt from the consequences of its laches and from the operation of statutes of limitation." *United States v. Weintraub,* 613 F.2d 612, 618 (6th Cir.1979). "An exception to the general rule exists when the sovereign ... expressly imposes a limitation period on itself." *Id.* at 619, *citing, Guaranty Trust Co. v. United States,* 304 U.S. 126, 133, 58 S.Ct. 785, 789, 82 L.Ed. 1224 (1938).

The Surface Mining Act does not itself impose any limitation period for suits to collect reclamation fees. Defendant contends that 28 U.S.C. § 2462 applies. Section 2462 imposes a five year limitation period for the enforcement of any "civil fine, penalty or forfeiture." Alternatively, defendant says that 28 U.S.C. § 2415 applies. Section 2415 provides that actions founded on contract must be filed within six years after the right of action accrues and that actions founded on tort must be brought within three years. These limitation periods do not apply to actions incidental to the collection of taxes. 28 U.S.C. § 2415(h).

The government contends that the reclamation fees are taxes, and as such are not subject to § 2415. The Internal Revenue Code provides a six year statute of limitations for the assessment of or proceedings to collect income and excise taxes. 26 U.S.C. § 6501(e). The government notes that the abandoned mine reclamation fee is not found within the Internal Revenue Code, however. The government takes the position that the limitation periods of Title 26 do not apply. The government maintains that its claim is not subject to any statute of limitations nor to the defense of laches.

Defendant's argument that the five year statute is a bar is easily disposed of. Clearly, the mining reclamation fees are neither fines nor penalties. They are simply assessments on all coal produced by surface and underground mining for sale, transfer, or use, unless the mining operation is exempted by regulation. 20 C.F.R. §§ 870.11–870.12. The fee is determined by the weight and value of the coal produced. 20 C.F.R. § 870.12. It is not penal in nature. The five year period of 28 U.S.C. § 2462 is therefore inapplicable.

The Court is of the opinion, however, that actions to collect delinquent fees are subject to the six year statute of limitation for actions based on contract, or alternatively, to the statute of limitation for the collection of excise or income taxes. The government's position that no limitation period applies is untenable. As the government contends in part of its argument, the fees are in the nature of a tax on the mining or sale of coal. Furthermore, the abandoned mine reclamation regulations

themselves provide that operators shall maintain their records for a period of six years from the end of the quarter in which the fee was due. 30 C.F.R. § 870.16(d). Operators are therefore put on notice that assessments might be made within the six year period. It would appear unreasonable, in light of the regulation, to hold operators liable for fees due more than six years before an action to collect.

■ Further support for a six year statute of limitations in this case is found in a proviso to 28 U.S.C. § 2415(a), setting forth the six year limitation period for contract actions. The statute provides "That in the event of later partial payment or written acknowledgement of debt, the right of action shall be deemed to accrue again at the time of each such payment or acknowledgement." *Id.* Defendant's acknowledgement of the instant debt on February 23, 1983, and execution of an installment agreement on March 3, 1983 constituted a new "contract" pursuant to section 2415(a). Clearly this action was commenced within six years of when the reclamation fees became due and within six years of defendant's most recent acknowledgement. It is therefore not barred by any limitation period.

■ Defendant's laches defense is also without merit. As stated above, laches is not a defense against the government in an action of this nature. *See Costello v. United States,* 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961); *see also, Weintraub,* 613 F.2d at 618. Even if laches could be asserted however, it does not bar this suit. The regulations give adequate notice that fees may be sought within six years after they are due. Defendant acknowledged his debt within six years, and the government commenced the action within six weeks of defendant's first default on the acknowledged debt. This does not show a lack of diligence sufficient for laches defense. *See Weintraub,* 613 F.2d at 619.

In accordance with the foregoing, it is ORDERED that plaintiff's motion for summary judgment be, and the same hereby is, granted. It is further ORDERED that defendant's motion for summary judgment be, and the same hereby is, denied. It is further ORDERED that judgment enter in favor of plaintiff in the amount of $192,-836.01.

Order Accordingly.