**UNITED STATES of America, Plaintiff,**

v.

**E & C COAL COMPANY, INC., Defendant.**

Civ. A. No. 82–0259–B.

United States District Court, W.D. Virginia, Big Stone Gap Division.

Oct. 17, 1986.

David W. McNabb, Asst. U.S. Atty., Knoxville, Tenn., for plaintiff.

Lewey K. Lee, Wise, Va., for defendant.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

### BACKGROUND

On July 14, 1982 the United States Attorney filed this action at the request of the Secretary of the Interior seeking to collect reclamation fees on mined coal, as required by 30 U.S.C. § 1232 and the regulations promulgated pursuant thereto. The suit sought to collect reclamation fees for the quarter ending December 31, 1981 in the amount of $2,397.35, plus interest. De-

fendant filed an answer asserting as a ground of defense that it is not subject to the provisions of the Surface Mining Control and Reclamation Act of 1977 as set forth in the foregoing sections because the Act specifically exempted it by virtue of the fact that its surface operation is less than two (2) acres. On motion of the United States of America filed on March 28, 1984, this court stayed the case pending the decision of the United States Court of Appeals for the Fourth Circuit in the case of *Commonwealth of Virginia v. Clark,* Civil Action No. 83–0332–B.

The parties settled the aforementioned case by a consent order and this court entered a dismissal on January 9, 1985. Following the conclusion of that litigation, plaintiff filed a motion to amend its complaint to present a claim against the defendant for additional quarters. The amendment, filed on March 3, 1986, sought to collect additional reclamation fees for the fourth quarter of 1981, the first, second, third and fourth quarters of 1982; the first, second and third quarters of 1983 and the first, second and third quarters of 1984 for a total amount of $25,341.76. The United States also sought prejudgment interest commencing thirty days after the end of each calendar quarter for which the reclamation fees were due and late payment penalties permitted under the Debt Collection Act. (31 U.S.C. § 3717). In answering the amended complaint, the defendant reiterated its defense that it was not subject to the Surface Mining Control and Reclamation Act of 1977 because it was operating under a two-acre exemption. Defendant further pled the statute of limitations and filed a plea of recoupment alleging that it had mistakenly paid reclamation fees from December 1977 through September 1981 in the amount of $37,806.96. Defendant sought return of these fees plus interest. The defendant further argues that the Commonwealth of Virginia had specifically granted it the right to mine land and that the confusion concerning the two-acre dispute continued until the parties reached a settlement in *Commonwealth v. Clark.*

The parties submitted the case to the court under an agreed statement of facts in which the parties admitted the court's jurisdiction; that at all times relevant to this case the defendant operated an underground coal mine; that all the production relevant to this lawsuit came from said mine; that defendant had not paid reclamation fees for the calendar quarters set out in the complaint; that the amount of the deficiency was $25,341.76, plus interest of $8,218.05 and late penalty of $1,013.69, making a total of $34,573.50 as of April 30, 1986. The parties further agreed that the affected area of disturbance was less than two acres if the court did not include "shadow area" or the area above underground workings as part of the "affected area" as that term is defined in CFR § 701.5. On the other hand, if the court included the area above the underground workings as part of the "affected area" then at all times relevant to this lawsuit the subject mine was over two acres. The parties further stipulated that the defendant had paid $37,806.96 in reclamation fees and that if the court should find that defendant paid this amount in error, the plaintiff should refund this amount with interest under the theory of statutory recoupment. The parties stipulate that while there are other legal issues involved in the case, the principal issue is whether or not to include the area above the underground workings as part of the "affected area."

## OPINION

■ This court is of the opinion that the reclamation fees, that the United States seeks to recover for the period prior to August 1, 1982, are not collectible under the rationale of this court's opinion in *United States of America v. Shelton Coal Corp.,* 647 F.Supp. 264 (W.D.Va.1986). In *Shelton* this court held that the Department of Interior could not collect reclamation fees for a period prior to the time the regulations defining "affected areas" became effective and that such regulation did not come into being until after July 30,

1982. Even more than *Shelton*'s factual situation required its result, the facts in the present case require this court to adopt *Shelton*'s rationale because the "affected area" involved in this case deals with the shadow area above underground workings. A thorough search of the Surface Mining Act reveals that prior to August 1982 it did not in any way define "affected area" as consisting of the shadow area. *Shelton* dealt with the inclusion of roads within "affected area" and the Act did have some language concerning the inclusion of roads to determine the "affected area." Therefore, the facts of the present case support *Shelton*'s rationale even more than *Shelton*'s facts did. This conclusion follows because prior to the time that the Department promulgated the regulation there was no reference in the Act to indicate to the defendant E & C Coal Co., Inc. that it was liable for any kind of regulation under the Act because it was a two-acre exemption. A copy of this court's opinion in *United States of America v. Shelton Coal Corp.*, *supra*, is attached hereto ▪ and made a part of this opinion and, for the reasons stated therein, the court grants judgment to the defendant on any claim for reclamation fees prior to August 1, 1982.

## PRIMACY

▪ The court now proceeds to consider the defendant's arguments regarding the fees collectible for the quarters subsequent to August 1982. It appears at the outset that because the United States of America promulgated regulations in July 1982 defining "affected area" as including the shadow area above the underground workings, the defendant's argument will prevail only if the court finds that the Commonwealth of Virginia had primacy and that because Virginia had primacy, the defendant did not have to pay reclamation fees because it was operating a two-acre exemption under the laws of the Commonwealth of Virginia. No doubt exists that once the federal government grants a state the right to regulate surface coal mining and reclama-

tion operations within its boundaries, that state has the exclusive right to regulate. The federal government may limit the states exclusive regulation, however, by specifically providing that the Secretary of the Interior retains power to regulate specific areas. The federal government has no right to intervene with the state's conduct of its surface mining operations on non-federal lands unless the federal government brings proper actions to take the right of regulation away from the state. As this court set forth in *Shelton, supra*, the federal government granted approval of Virginia's regulatory program on December 15, 1981 and, therefore, Virginia became the exclusive party controlling surface coal mining and reclamation operations in the Commonwealth of Virginia. 30 U.S.C. § 1253 states as follows:

> Each state in which there are or may be conducted surface coal mining operations on non-federal lands, and which wishes to assume *exclusive jurisdiction* over the regulation of surface coal mining and reclamation operations except as provided in §§ 1271 and 1273 of this title and subchapter 4 of this title, shall submit to the Secretary by the end of the eighteenth month period beginning August 3, 1977 a state program which demonstrates that such state has the capability of carrying out the provisions of this chapter.

(Emphasis added).

That the federal government granted the State of Virginia such exclusive jurisdiction under the Act is undisputed. However, one of the provisions that Congress specifically exempted from the state's exclusive jurisdiction is that provision pertaining to reclamation fees. 30 U.S.C. § 1232 covers reclamation fees and is one of the sections which specifically exempts state primacy and exclusive jurisdiction. 30 U.S.C. § 1232 provides:

> All operators of coal mining operations subject to the provisions of this chapter shall pay to the Secretary of the Interior, for deposit in the fund, a reclamation fee

of thirty-five cents per ton of coal produced by surface coal mining and fifteen cents per ton of coal produced by underground mining or ten percent of the value of the coal at the mine as determined by the Secretary....

■ Operators are to pay such fees not later than thirty days after the end of each calendar quarter. This section also provides for a penalty and allows the government to maintain civil actions to recover fees. By promulgating a regulation in August of 1982 which it has not altered nor challenged, defining "affected area" as consisting of the shadow area above the underground workings of the mine, the federal government thereby placed the reclamation fees under the exclusive control of the federal government. As a result, all coal companies, which were operating a mine, were subject to this regulation in defining whether or not a two-acre exemption existed. Thus, at the time of the promulgation of the regulations in July 1982, the defendant became subject to the Act and the state regulation did not constitute a basis for exclusion. Because Congress specifically exempted reclamation fees as an area not given to the exclusive jurisdiction to the state, the regulation applied to and bound the defendant and, therefore, the defendant is responsible for the payment of reclamation fees after July 1982. Accordingly, the court will enter an order denying the plaintiff's claim for reclamation fees prior to the promulgation of regulations in July 1982 and granting its claim for reclamation fees against the defendant for the period beginning after 1982, plus interest and penalty on that amount, as provided by law.

## ESTOPPEL

■ Defendant claims that the United States is estopped from collecting fees for any period prior to January 9, 1985, the date of the Consent Order and Dismissal in the case of *Commonwealth of Virginia v. Clark*, Civil Action Number 83–0332–B (W.D.Va. Jan. 9, 1985). Defendant's position is that until January 9, 1985, it had the right to and did rely upon the belief that it was exempted from federal regulation because the federal government had approved Virginia's surface mining regulatory system. Defendant further states that the federal government's acquiescence to Virginia's regulatory system is inconsistent with the federal government's attempt to recover fees and, therefore, the federal government is estopped from recovering fees for the period prior to January 9, 1986. The January 9, 1986 date is important to defendant because this date is the first time that the confusion created by the dual federal and state regulations became clear. However, this argument appears to be an avenue to reargue the primacy question. "Estoppel means that a party is prevented by his own acts from claiming a right to [the] detriment of other party who was entitled to rely on such conduct and has acted accordingly." BLACK'S LAW DICTIONARY 494 (5th ed. 1979). In the instant case, the federal government's conduct and actions never suggested an absence of any expectation that the defendant was responsible for fees under 30 U.S.C. § 1232. In fact as early as June 1982, the federal government brought an action to recover the fees due and payable on January 30, 1982 for the fourth quarter of 1981. This evidence is definitely consistent with the position that the federal government would seek to recover fees. The mere fact that confusion arose as to whether defendant was legally obligated to pay the fees does not mean that the government is estopped from collecting the fees. The government's attempt to recover the fees is in no way inconsistent with its earlier conduct and/or actions. Accordingly, the court denies the defendant's claim of estoppel.

## STATUTE OF LIMITATIONS

The defendant also claims that the statute of limitations bar recovery. Defendant argues that the applicable statute of limitations should be three (3) years under § 8.01–246(4), Code of Virginia (1950) which provides a three (3) year period for

unwritten contracts, express or implied. Plaintiff, on the other hand, argues that the government is not bound by any statutory limitation by virtue of its governmental existence, but that if the government is bound by a statutory period it is six (6) years as reasoned in *United States v. Gary Bridges Logging & Coal Co.*, 570 F.Supp. 531 (E.D.Tenn.1983). *Gary Bridges* held that a six year statute of limitations to recover reclamation fees under 30 U.S.C. § 1232 exists by virtue of 26 U.S.C. § 6501(c) and 28 U.S.C. 2415.

 This court begins its discussion by recognizing that if either the three (3) year or six (6) year statute of limitations were applicable, this suit would not be barred because the government commenced suit within six (6) months from the time the fees first came due. The government merely amended its pleadings to seek to recover fees for subsequent quarters. However, it is important to determine the applicable statute of limitations period. Defendant urges this court to classify the actions as an unwritten contract and to adopt a three (3) year statute of limitations under Virginia law. Even if this court were to classify the action as an enforcement of an unwritten contract, the statute of limitations period would not be three (3) years. Federal courts do not adopt state statutes of limitations in cases involving a federal question, particularly when there is a federal statute of limitations on point. If the action is on an unwritten contract, then 28 U.S.C. § 2415 provides the appropriate time limit:

> ... every action for money damages brought by the U.S. or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues ...

Therefore, the remaining question is whether Congress expressly intended that either 26 U.S.C. § 6501(c) or 28 U.S.C. § 2415 provides an appropriate limitation period for a suit to recover reclamation fees under 30 U.S.C. § 1232. If Congress did not expressly intend that either of the above limitation periods applies to recovery of reclamation fees, then the government does not have to meet any statutory period.

*Gary Bridges* outlines the general rules to consider when determining if a limitation period applies to a particular cause of action.

The general rule is that "the government is exempt from the consequences of its laches and from the operation of statutes of limitation." *United States v. Weintraub*, 613 F.2d 612, 618 (6th Cir.1979). "An exception to the general rule exists when the sovereign ... expressly imposes a limitation period on itself." *Id.* at 619, *citing Guaranty Trust Co. v. United States*, 304 U.S. 126, 58 S.Ct. 785, 82 L.Ed. 1224. *Gary Bridges*, at 532.

 The government argues that Congress did not expressly impose 28 U.S.C. § 2415 as a limitation period with respect to collection of reclamation fees. Recent cases support both conclusions. *See United States v. Gary Bridges Logging and Coal Company*, 570 F.Supp. 531 (E.D. Tenn.1983) (holding that actions to collect delinquent fees were subject to the six year limitation imposed under 28 U.S.C. § 2415(a); *United States v. Hawk Contracting, Inc.*, 649 F.Supp. 1 (W.D.Penn. 1985) and *United States v. Gene Davis*, Civil Action No. 84–4653 (S.D.Ill. Sept. 16, 1985) [Available on WESTLAW, DCTU database] (holding that there was no express imposition of statutes of limitations under 28 U.S.C. § 2415, therefore, there was no limitation period for recovery of reclamation fees.) This court finds that 28 U.S.C. § 2415 does not impose a limitation period upon recovery of reclamation fees under 30 U.S.C. § 1232 because the payment of the reclamation fees is not a contractual situation between the government and the defendant. Therefore, 28 U.S.C. § 2415 is inapplicable.

 The government also asserts that 26 U.S.C. § 6501(e) is not an express limitation on recovery of fees under 30 U.S.C. § 1232. 26 U.S.C. § 6501(e)(3) provides a six (6)

year statute of limitation for recovery of excise taxes due. In *Gary Bridges*, the court concluded that the reclamation fee was an excise tax and that § 6501(e)(3) imposed a limitation upon its recovery. While the reclamation fee may be an excise tax, 26 U.S.C. § 6501 applies only to excise taxes imposed under the provision of subtitle D of the Internal Revenue Code. No indication exists that Congress, by enacting 26 U.S.C. § 6501, meant to limit recovery of reclamation fees under 30 U.S.C. § 1232. Because this court finds that the reclamation fee is not an excise tax under subtitle D, this court holds that § 6501 does not expressly impose a limitation period on 30 U.S.C. § 1232. Therefore, § 6501(e)(3)'s limitation period is inapplicable and the government is not bound by any limitation period in collecting reclamation fees pursuant to 30 U.S.C. § 1232.

## STATUTORY RECOUPMENT

The defendant also filed a plea of recoupment alleging that it had mistakenly paid reclamation fees from December 1977 through September 1981 in the amount of $37,806.96. Defendant seeks an offset and/or recovery in this amount. The law is well-settled that an injured party may not maintain suit against the government absent specific statutory authority. No distinction exists between counterclaim and original suits. *United States v. Finn*, 239 F.2d 679 (9th Cir.1956). Therefore, absent specific statutory authority, the defendant cannot maintain his claim for recoupment. The defendant claims that 28 U.S.C. § 1346 provides the specific statutory authority, however, it does not grant authority to a district court in this particular case because § 1346(a)(2) provides that the district court shall have original jurisdiction concurrent with the Court of Claims only for actions not exceeding $10,000 in amount. Because the amount defendant seeks to recover is more than $10,000, this court does not have jurisdiction because the government did not consent to the counterclaim. Accordingly, this court denies defendant's recoupment claim, however, this claim is dismissed without prejudice.

## ORDER

In accordance with a Memorandum Opinion filed this date, finding that the defendant, E & C Coal Company, Inc., was responsible for payment of reclamation fees after July 1982, it is ORDERED that the defendant pay the plaintiff, the United States of America, the sum of NINETEEN THOUSAND SEVEN HUNDRED NINETY NINE DOLLARS AND TWENTY TWO CENTS ($19,799.22) for fees accrued after the third quarter of 1982 plus interest and late payment penalty accruing subsequent to April 30, 1986 at a rate of $353.99 per month until the defendant pays the amount due.

Defendant's counterclaim is dismissed without prejudice to the claim being presented to the United States Court of Claims.