**UNITED STATES of America, Plaintiff-Appellee,**

v.

**TRI–NO ENTERPRISES, INC., Defendant-Appellant.**

No. 85–2826.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 27, 1987.

Decided April 30, 1987.

As Amended April 30, 1987.

Scott Bagnall, Fritzshall, Fritzshall & Gleason, Chicago, Ill., for defendant-appellant.

James A. Lewis, Asst. U.S. Atty., Springfield, Ill., for plaintiff-appellee.

Before POSNER, FLAUM and MANION, Circuit Judges.

MANION, Circuit Judge.

The United States of America filed a civil action against Tri-No Enterprises, Inc. (Tri-No) to collect delinquent reclamation fees due under the Surface Mining Control and Reclamation Act of 1977 (SMCRA), 30 U.S.C. §§ 1201–1328 (1982 & Supp. III 1985). The district court entered judgment for the government for $32,837.55 plus interest.

Tri-No raises three issues on appeal: 1) whether the district court correctly determined that Tri-No's activities constituted a "surface coal mining operation" under SMCRA; 2) whether part of the government's claim for delinquent reclamation fees is time barred; and 3) whether this court should reverse and remand for a new trial because Noble R. Starnes, who is President of Tri-No but not a lawyer, represented Tri-No, a corporation, in the district court. We affirm.

## I. FACTS

In the early 1970's, Tri-No purchased approximately 625 acres of land in Fulton County, Illinois, from Consolidated Coal Company (Consolidated). Consolidated had engaged in mining on surrounding lands from the 1930's until the 1960's and had stockpiled coal on the land Tri-No subsequently purchased.

Between 1977 and 1982, Tri-No sold approximately 105,000 tons of the stockpiled coal. Tri-No simply removed the coal from the stockpiles and loaded it onto trucks. Tri-No never excavated below the surface, nor did Tri-No refine, process, or chemically treat the stockpiled coal.

After several unsuccessful attempts to collect reclamation fees from Tri-No, the government brought the present suit in January, 1984. Noble R. Starnes, Tri-No's president and owner, represented Tri-No in the district court. Starnes is not a lawyer. The government did not object and the district court allowed Starnes to represent Tri-No. The district court entered judgment for the government, and Tri-No, now represented by counsel, brought this appeal.

## II. DISCUSSION

### A.

Tri-No first contends that because its activities were not "surface coal mining operations" under SMCRA, it is not liable for reclamation fees. The district court found that Tri-No's activities were "surface coal mining operations", and that Tri-No is thus liable for reclamation fees. We agree.

Through SMCRA, Congress established an Abandoned Mine Reclamation Fund to provide money to reclaim and restore land and water resources adversely affected by past coal mining. See 30 U.S.C. § 1231. Money for the fund is provided, in large part, from reclamation fees levied upon operators of coal mining operations. 30 U.S.C. § 1231(b)(1). SMCRA provides that "all operators of coal mining operations" subject to SMCRA's provisions are to pay

"a reclamation fee of 35 cents per ton of coal produced by surface coal mining...." 30 U.S.C. § 1232(a). Under SMCRA, "surface coal mining operations" include:

(A) activities conducted on the surface of lands in connection with a surface coal mine ...; and,

(B) the areas upon which such activities occur or where such activities disturb the natural land surface. Such areas shall also include ... refuse banks, dumps, stockpiles....

30 U.S.C. § 1291(28).

This circuit recently held that reclaiming abandoned coal by loading and hauling it from refuse piles, when no below-surface activity occurs, constitutes "surface coal mining operations under SMCRA." *United States v. Kennedy*, 806 F.2d 111 (7th Cir.1985) (per curiam). Because Kennedy's operation is not significantly distinguishable from Tri-No's, *Kennedy* controls this case.

In *Kennedy*, Sam Kennedy purchased land that contained considerable aboveground coal refuse generated by prior coal mining. Kennedy removed the aboveground coal refuse and sold it to a power company. Kennedy never dug beneath the ground surface to obtain coal. 806 F.2d at 112. The court held that Kennedy's activities constituted a "surface coal mining operation" and that Kennedy was therefore liable to pay reclamation fees on the coal he sold. *Id.* at 114.

Despite the similarities between Tri-No's operation and Kennedy's, Tri-No attempts to distinguish *Kennedy* by asserting that Kennedy's operation caused additional environmental harms. On the other hand, according to Tri-No, Tri-No's activities do not present any new environmental problems. SMCRA's purpose is to promote the reclamation of land damaged by surface coal mining activities. Tri-No asserts that the best way to mitigate the environmental harm a large coal pile causes is to remove the coal pile. Tri-No argues that since its activities accomplish exactly that at no public expense, it would be inconsistent with SMCRA to subject Tri-No's activities to fee liability.

Neither *Kennedy* nor SMCRA support Tri-No's position. The *Kennedy* court based its holding on an analysis of SMCRA and its implementing regulations. *See Kennedy*, 806 F.2d at 112–14. The *Kennedy* court did not depend on, or even mention, any environmental harms that Kennedy's activities created.

Tri-No's argument confuses the separate SMCRA obligations under Title IV, 30 U.S.C. §§ 1231–43, and Title V, 30 U.S.C. §§ 1251–79. Title IV imposes reclamation fees; Title V imposes an obligation on operators of surface coal mining operations to control the environmental harm their operations may cause. Congress intended Title V to control coal mining's present and future environmental harms. *United States v. Devil's Hole, Inc.*, 747 F.2d 895, 898 (3d Cir.1984). However, Congress intended Title IV to correct the environmental harm caused by past coal mining. Through the reclamation fee system, Congress placed the cost of correcting the environmental harm caused by past coal mining on the present-day coal industry and, ultimately, the coal consumer. *See Kennedy*, 806 F.2d at 114 (citing H.R.Rep. No. 218, 95th Cong., 1st Sess. 134, 136 *reprinted in* 1977 U.S. Code Cong. & Ad. News 593, 666, 668); *Devil's Hole*, 747 F.2d at 898. By paying reclamation fees on previously unassessed coal it removed from its stockpile, Tri-No meets its obligation under Title IV.

Arguably, Title IV's language may defeat Congress' purpose by reducing or eliminating the economic incentive to remove otherwise abandoned (and possibly environmentally harmful) stockpiles. If so, Congress, not this court, will determine if the statute needs adjustment. Subjecting Tri-No's activities to reclamation fee liability is not inconsistent with the purposes of Title IV of SMCRA as it now stands. *See Devil's Hole*, 747 F.2d at 897–98 (environmentally desirable surface coal mining operations are subject to reclamation fee liability under SMCRA).

### B.

Tri-No also argues that even if the government can collect reclamation fees,

part of the government's collection action is time-barred.[1] The government filed its civil action in January, 1984, to collect delinquent reclamation fees for the period from the fourth quarter, 1977 through the third quarter, 1982. Tri-No first asserts that the five-year limitations period, 28 U.S.C. § 2462, for actions to enforce any civil fine, penalty, or forfeiture, bars the government from recovering delinquent reclamation fees for 1977 and 1978. Alternatively, Tri-No asserts that the six-year limitations period, 28 U.S.C. § 2415(a), for contract actions, or the six-year limitations period, 26 U.S.C. § 6501(e)(3), for actions to collect income or excise taxes imposed by subtitle D of the Internal Revenue Code, bars the government from recovering delinquent reclamation fees for 1977.

■ Generally, the United States is not subject to statutes of limitations in enforcing its rights unless Congress explicitly provides otherwise. *United States v. City of Palm Beach Gardens,* 635 F.2d 337, 339 (5th Cir.), *cert. denied* 454 U.S. 1081, 102 S.Ct. 635, 70 L.Ed.2d 615 (1981); *United States v. Podell,* 572 F.2d 31, 35 n. 7 (2d Cir.1978); *see also United States v. Summerlin,* 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940) (United States not bound by state statutes of limitations in enforcing its rights); *Guaranty Trust Co. v. United States,* 304 U.S. 126, 132–33, 58 S.Ct. 785, 788–89, 82 L.Ed. 1224 (1938) (United States exempt from operation of statutes of limitations); *Silverman v. Commodity Futures Trading Commission,* 549 F.2d 28, 34 (7th Cir.1977) ("[T]he United States is not bound by state statutes of limitations or subject to the defense of laches in enforcing its rights.") Congress may create a right of action without limiting the time in which the government may exercise the right. *Palm Beach Gardens,* 635 F.2d at 339. If an act creating a governmental right of action contains no limitations period, and no general statute of limitations applies, the government may seek recovery under the act at any time. *See id.* at 341.

Tri-No concedes that SMCRA itself contains no limitations period for collecting delinquent reclamation fees. However, Tri-No contends that one of three other limitations periods applies.

■ First, Tri-No contends, the five-year statute of limitations found at 28 U.S.C. § 2462, for actions brought to enforce "any civil fine, penalty, or forfeiture ...," applies. But this contention fails because the reclamation fee SMCRA imposes is not a fine, penalty, or forfeiture. The reclamation fee is simply an assessment or excise tax on all coal produced for sale by surface or underground mining. *United States v. Gary Bridges Logging and Coal Company,* 570 F.Supp. 531, 532 (E.D.Tenn.1983); *see Devil's Hole,* 747 F.2d at 898 (reclamation fee is a "fee or excise tax"). Therefore, 28 U.S.C. § 2462 does not apply to an action to collect delinquent reclamation fees under SMCRA.

Alternatively, Tri-No argues that the six-year statutes of limitations found at 28 U.S.C. § 2415(a) or 26 U.S.C. § 6501(e)(3) apply to actions to collect delinquent reclamation fees. One district court has so held. *Gary Bridges,* 570 F.Supp. at 532–33. However, we hold that neither six-year limitations period applies in this case.

■ The *Gary Bridges* court characterized the case before it as a contract action because defendant had entered into an installment agreement with the United States to pay delinquent reclamation fees. 570 F.Supp. at 533. The court held the six-year statute of limitations for contract actions, 28 U.S.C. § 2415(a), applied. This case is distinguishable from *Gary Bridges;* no facts exist to enable us to characterize this case as a contract action. Tri-No never entered into any agreement with the government to pay delinquent fees.

Reclamation fees are assessed under SMCRA and its implementing regulations; the fees do not arise from any express or implied contract. Therefore, absent facts

1. Tri-No did not assert a statute of limitations defense in the district court. However, the government has not asserted that Tri-No has waived the statute of limitations defense and

has addressed the issue on the merits. Therefore, we address the statute of limitations issue on the merits.

that enable us to characterize this case as a contract action, we hold that 28 U.S.C. § 2415(a) is inapplicable to the government's collection action.

■■■ The *Gary Bridges* Court also noted that reclamation fees are a form of tax. Therefore, the court also applied 26 U.S.C. § 6501(e)(3), the six-year limitations period for actions to collect excise taxes imposed by subtitle D of the Internal Revenue Code, 26 U.S.C. §§ 4041–4999 (subtitle D). We agree that reclamation fees are a form of excise tax. But the fees are imposed by SMCRA, not by subtitle D of the Internal Revenue Code. Therefore, 26 U.S.C. § 6501(e)(3) is inapplicable to actions to collect delinquent reclamation fees.

The *Gary Bridges* court supported its conclusion that a six-year statute of limitations applies to actions to collect delinquent reclamation fees by noting that 30 C.F.R. § 870.16(d) provides that operators must maintain records for six years after the quarter in which the fee was due. Given the regulation, the court felt it would be unreasonable to hold operators liable for fees due more than six years before an action to collect. 570 F.Supp. at 532–33. However, the regulation requiring that operators maintain records for six years is not an express limitation period enacted by Congress and does not evidence Congressional intent to provide a six-year limitation period for actions to collect reclamation fees. *United States v. Davis*, No. CV 84–4653 (S.D.Ill., September 16, 1985), slip op. at 3 [Available on WESTLAW, DCT database]. Furthermore, the Secretary of Interior has stated that the six-year record maintenance period is not a statute of limitations for commencing an action to collect delinquent reclamation fees. *See* 49 Fed. Reg. 27, 498 (July 5, 1984). We hold that the six-year record maintenance requirement does not establish a statute of limitations.

In summary, SMCRA does not explicitly limit the period in which the government may bring an action to collect delinquent reclamation fees. No other general statute of limitations applies to the government's action to collect delinquent reclamation fees from Tri-No. Therefore, we hold that the government was not time-barred from recovering Tri-No's delinquent reclamation fees.

### C.

■■■ Tri-No finally argues that this court should reverse the district court's judgment and remand for a new trial because Starnes, who is not a lawyer, represented Tri-No in the district court. The government did not object and the district court allowed Starnes to represent Tri-No. Tri-No correctly asserts that a corporation may appear in federal court only by an attorney. *See, e.g., Strong Delivery Ministry Association v. Board of Appeals of Cook County*, 543 F.2d 32 (7th Cir.1976) (per curiam). However, we need not automatically reverse and remand for a new trial because Tri-No was not represented by counsel in the district court. Any technical error in allowing Tri-No to appear in district court without counsel (if this was error given that the government did not object) was reversible error only if harmful within the meaning of Fed.R.Civ.P. 61. *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 1801, 90 L.Ed.2d 346 (1986).

■■■ Tri-No asserts it was prejudiced by not being represented by an attorney because it did not raise a statute of limitations defense and because it could not adequately raise other issues and arguments in the district court. We have considered the statute of limitations issue and concluded that no statute of limitations applies to actions to collect delinquent reclamation fees. Tri-No has not identified, nor can we perceive, any other legal or factual issue or argument it could have raised in the district court. We hold that any error in allowing Tri-No to appear in district court without counsel was harmless error within the meaning of Fed.R.Civ.P. 61.

### III.

For the reasons stated in this opinion, the district court is

AFFIRMED.