921 F.2d 278
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
William B. GLADSTONE, Defendant/Appellant.
 No. 89-3302.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 26, 1990.*
Decided Dec. 26, 1990.
 
 Before WOOD, JR., COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 William Gladstone appeals the district court's entry of summary judgment against him in an action brought by the Office of Surface Mining to enforce provisions of the Surface Mining Control and Reclamation Act of 1977 (SMCRA), 30 U.S.C. Secs. 1201-1328.
 
 
 2
 In 1978, Gladstone and a partner, Robert Goldman, formed a partnership known as Abbot Coal & Energy Company and conducted surface mining at a number of locations in southern Indiana. The Indiana Department of Natural Resources (IDNR) issued Abbott a number of mining permits between 1978 and 1980, and the company secured these permits with a bond in the amount of $59,000.
 
 
 3
 After several on-site inspections, the federal Office of Surface Mining issued the first in a long series of citations for failure to meet the requirements of the SMCRA. Abbott's deficiencies included its failure to replace topsoil and/or vegetation on mined land, its failure to meet engineering criteria concerning erosion and sedimentation control, and its failure to detoxify soil. All of the notices of violations were sent via certified mail to Abbott. The return receipts show that Abbott signed for and accepted the first several notices, but it did not acknowledge their receipt by communicating with the Office of Surface Mining as the notices requested. Later notices were not accepted at all and returned to the Office of Surface Mining as "unclaimed." The last notice of violation was issued November 25, 1981.
 
 
 4
 On November 17, 1986, the Office of Surface Mining filed suit in federal district court for injunctive relief to require Abbott to reclaim the property at its former surface mines. Abbott responded that the suit was barred both by the five-year statute of limitations in SMCRA and by the doctrine of laches, and that its liability was limited to the value of the $59,000 bond it posted with the IDNR.
 
 
 5
 The district court entered summary judgment for the government in an order dated September 18, 1989. The court ordered Gladstone to perform specific remedial actions at the mining sites, enjoined him from conducting further surface mining in the United States until reclamation was complete, and ordered him to post bond sufficient to guarantee the performance of the remedial actions. We conclude that the court's outcome was correct and affirm the judgment of the district court.[1]
 
 I.
 
 6
 Gladstone argues first that the district court entered an order that, in essence, compels him to pay for the reclamation of the affected land. He therefore concludes that he was entitled to set-off the value of the $59,000 bond from the amount of the bond that he will have to secure to meet the district court's order. There are a number of problems with this argument. First, the court entered an injunction, not a damages award. Gladstone is ordered to clean up Abbott's mine sites, not pay for their remediation. The district court's requirement that Gladstone post bond only ensures his performance. Given Abbott's track record of noncompliance with previous orders to remediate, the court's order insuring compliance was prudent. The court's bond order did not convert the injunction into a damages award. Cf. United States v. Whizco, Inc., 841 F.2d 147, 150 (6th Cir.1988) (similar injunction was held to be a "debt" dischargeable in bankruptcy).
 
 
 7
 Second, the $59,000 bond was purchased in agreement with the state authorities, not with the federal Office of Surface Mining. The Office of Surface Mining was never a party to the agreement between Gladstone and the IDNR. Gladstone provides no support for the proposition that a bond purchased pursuant to state mining permit regulations must be deducted from a later judicial remedy for violations of a federal mining statute. In fact, there seems to be authority supporting the opposite proposition: during the time period relevant to this case, the federal regulations provided that the federal authorities had no recourse to bonds posted pursuant to state bonding requirements. See id. at 150 n. 4. It therefore follows that the district court did not err in entering an order that failed to set-off the prior $59,000 state bond against Gladstone's federal bond requirement.
 
 
 8
 Gladstone next argues that the government waited too long before bringing its suit to enjoin Abbott to reclaim the affected land. The government counters that there is no statute of limitations applicable to injunctions under 30 U.S.C. Sec. 1271(c).
 
 
 9
 Gladstone's theory turns on whether the reclamation order can be considered an action to enforce a "fine, penalty or forfeiture" for purposes of the five-year statute of limitations under 28 U.S.C. Sec. 2462.[2] No cases are on point, but section 2462 was interpreted in a recent decision of this court. In United States v. Tri-No Enterprises, 819 F.2d 154 (7th Cir.1987), the government sued a coal company to collect overdue reclamation fees that the coal company was required to pay under SMCRA. The coal company argued that the government had waited too long to bring suit, but we rejected this argument. We first noted that, as a general rule, "the United States is not subject to statute of limitations in enforcing its rights unless Congress explicitly provides otherwise." Id. at 158. We went on to hold that the delinquent reclamation fee was not a "fine, penalty or forfeiture" for purposes of section 2462; the government was not attempting to fine the coal company, but merely collect on a pre-existing "excise tax" obligation.
 
 
 10
 Although not completely on point, Tri-No provides guidance for this case. The government in our case is attempting to enforce a pre-existing obligation: Abbott Coal knew before it started surface mining in southern Indiana that it would have to return the land to something approximating its original state. Having failed to do so, the government in this action was attempting to enforce the pre-existing understanding. The government did not seek an additional fine or penalty for Abbott's failure to comply with the agreement. Thus, the government's suit to force Gladstone to perform acts to restore the land was not an action for the enforcement of a fine, penalty, or forfeiture for purposes of section 2462.
 
 
 11
 The decision of the district court is, therefore,
 
 
 12
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 It would have been helpful to have had the benefit of findings of fact and conclusions of law prepared by the district court. See, e.g., Walton v. United Consumers Club, 786 F.2d 303, 313-14 (7th Cir.1986)
 
 
 [2]
 Although Gladstone mentioned laches in his brief, he addresses only the statute of limitations issue. We will therefore confine our analysis to the limitations issue