929 F.2d 695
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
.697 ACRES OF LAND IN JASPER COUNTY, Defendant-Appellee,
Eula Mae Williams, Claimant-Appellant.
 No. 90-6060.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 8, 1991.
Decided March 11, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Beaufort. Falcon B. Hawkins, Chief District Judge. (CA-87-2853-I-D)
 William Green Jenkins, Jr., Laurich & Jenkins, P.A., Hilton Head, S.C., for appellant.
 John Harris Douglas, Assistant United States Attorney, Charleston, S.C. (Argued), for appellee; E. Bart Daniel, United States Attorney, Charleston, South Carolina, on brief.
 D.S.C.
 AFFIRMED.
 Before NIEMEYER, Circuit Judge, BUTZNER, Senior Circuit Judge, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 John Harris Douglas, Assistant United States Attorney, Charleston, S.C., (Argued), for appellee; E. Bart Daniel, United States Attorney, Charleston, South Carolina, on brief.
 PER CURIAM:
 
 
 1
 On March 28, 1987, Eula Mae Williams was arrested for possession of marijuana with intent to distribute. The judge found that the defendant failed to prove by a preponderance of the evidence that she did not intend that her land was to be used unlawfully. On January 23, 1990, her property was forfeited pursuant to 21 U.S.C. Sec. 881(a)(7), on the basis that the property was used to facilitate the exchange of controlled substances.
 
 
 2
 Williams appeals the forfeiture stating that the district court applied the incorrect standard in evaluating her defense. Alternatively, if the court used the appropriate standard, appellant argues that it incorrectly found that defendant failed to establish by a preponderance of the evidence that she did not intend that her land was to be used unlawfully.
 
 
 3
 * The property in issue is a parcel of land containing a two-story building. At all times, the second floor of the building was used as a residence. The first floor was used as a restaurant and lounge doing business under the name of The Golden Nugget. (Jt.App. 46-47). Between April 1985 and March 1987, seven separate purchases of illegal drugs were made from the appellant's home, either by undercover officers of the South Carolina State Law Enforcement Division or the Jasper County Sheriff's Department, or by confidential informants making the purchases under controlled circumstances. These purchases involved marijuana, cocaine and "crack" cocaine in varying amounts. (Jt.App. 46-48).
 
 
 4
 As a result of the investigation, the authorities obtained a search warrant and searched the house on January 13, 1987, and found marijuana and and assortment of drug paraphernalia. Several persons, including Ms. Williams' daughter, were arrested. Following the search, Ms. Williams told a sheriff that next time it would be more difficult for him to enter the residence. (Jt.App. 47-48). On March 28, 1987, the door into the residence portion of the house was modified to allow a cross bar to be placed over the door to slow access into the residence. The agents forced their way through and discovered money, drugs, a pistol and drug paraphernalia inside the house and in Ms. Williams' bedroom. (Jt.App. 24-28). Ms. Williams was arrested at that time on a charge of possession of marijuana with intent to distribute and was later convicted of possession of marijuana.
 
 II
 
 5
 To avoid forfeiture, the statute requires the owner to show that the property was used for unlawful purposes without the owner's knowledge or consent.[1] In his order dated January 23, 1990, Judge Hawkins stated,
 
 
 6
 [i]f the government makes such a showing [that the owner intended to use the property in an unlawful manner], then the claimant must establish by a preponderance of the evidence that the property was not used, or was not intended to be used, for an unlawful purpose. Boas v. Smith, 786 F.2d 605, 609 (4th Cir.1986). Should the claimant fail to discharge his burden then the entire tract of land is subject to forfeiture despite the fact that only a portion was used unlawfully. United States v. Reynolds, 856 F.2d 675 (4th Cir.1988).
 
 
 7
 (Emphasis supplied.) Appellant argues that the court's misinterpretation of the burden of proof resulted in an incorrect decision to forfeit Ms. Williams' property.
 
 
 8
 A determination of whether the district court applied the proper standard is a question of law, United States v. Singer, 374 U.S. 174, 192-93 (1963), permitting this Court to review this case de novo. See United States ex rel. Reed v. Callahan, 884 F.2d 1180 (9th Cir.1989), cert. denied, 110 S.Ct. 1167 (1990) (issue of whether trial court applied correct legal standard in awarding attorney fees is an issue of law properly reviewed de novo ); Cuddy v. Carmen, 762 F.2d 119 (D.C.Cir.), cert. denied, 474 U.S. 1034 (1985) (legal questions are de novo questions for reviewing court). The decision of a court below should not be overturned due to an error of law if application of the correct rule would not alter the outcome. United States v. Tri-No Enterprises, Inc., 819 F.2d 154, 159 (7th Cir.1987) (any technical error in allowing Tri-No to appear in district court without counsel (if this was error since the government did not object) was reversible error only if harmful within the meaning of Fed.R.Civ.P. 61); Fed.R.Civ.P. 61.
 
 
 9
 The court below did misstate the standard. The owner must show that she had no knowledge of, nor did she consent to, the unlawful use of her property. Whether or not she intended an unlawful use is of no concern.
 
 
 10
 The issue is whether the court's decision would have been altered had it used the proper standard. Under the correct standard, Ms. Williams would have to prove by a preponderance of the evidence that she did not know of, or consent to, the improper use of her property.
 
 
 11
 Ms. Williams knew, on January 13, 1987, that her premises were being used for unlawful practices. Her daughter was arrested for distribution and a Michael Bolden was arrested for possession. (Jt.App. 48). The sheriff testified that following the search, Ms. Williams stated that the next time he came it would be more difficult to enter her residence. (Jt.App. 48). Appellant was clearly unable to prove that she did not have knowledge. She was present during the search and was aware that such a search was transpiring.
 
 
 12
 The court found that Ms. Williams was informed about the presence of illegal activity on the premises and found Ms. Williams' testimony incredible. The court stated that "the quantity of narcotics and related paraphernalia discovered on the property renders Ms. Williams' testimony implausible." (Jt.App. 51).
 
 
 13
 The court's decision would not be altered by use of the correct standard.
 
 AFFIRMED.[2]
 
 
 [1]
 21 U.S.C. Sec. 881(a)(7) provides that certain property shall be subject to forfeiture, including:
 [a]ll real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.
 (Emphasis supplied.)
 
 
 [2]
 We find it unnecessary to address appellant's alternative argument since we conclude that the district court applied the incorrect standard